# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALBERT MILLER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 14-0147-CV-W-HFS-P |
| DEAN MINOR, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Albert Miller, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 05, 2014, seeking to challenge his 2012 and 2013 convictions and sentences for various offenses which were entered in the Circuit Court of Cole County, Missouri. The convictions and sentences were entered after petitioner pleaded guilty to those offenses on October 15, 2012 and April 8, 2013, in three separate criminal cases: Missouri Case Number 10AC-CR03654, entered on October 15, 2012 (hereinafter "Conviction 1"); Missouri Case Number 11AC-CR01315, entered on October 15, 2012 (hereinafter "Conviction 2"); and Missouri Case Number 12AC-CR01873, entered on April 8, 2013 (hereinafter "Conviction 3").

Petitioner filed a single habeas corpus petition challenging the three separate convictions which were entered in the same court.[1] Petitioner raises a single Ground for relief—alleging ineffective assistance of plea counsel for failing to investigate his competency to enter the plea. Respondent contends that this petition is untimely in regard to Convictions 1 and 2 (both entered on October 15, 2012), but is timely as to Conviction 3 (entered on April 08, 2013). Alternatively, respondent contends that petitioner failed to exhaust state court remedies as to all

---

[1] Respondent states that at this time it is not necessary to sever these claims because the petition fails for other reasons.

three convictions, and therefore his claims as to all of the convictions are procedurally defaulted.

## **CONVICTIONS 1 & 2 – TIME BARRED**

Respondent contends that the petition ( insofar as it concerns Convictions 1 and 2) should be dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d) because more than one year passed from October 25, 2012 (the date petitioner's conviction became final) and the date this federal petition was filed (February 5, 2014) and because the statute of limitations was not tolled by petitioner's proceedings in state court which were untimely filed under Missouri law. Respondent also contends that petitioner is not entitled to equitable tolling because he did not pursue his rights diligently and demonstrate that some extraordinary circumstance beyond his control made it impossible for him to file a timely petition or that the state lulled him into inaction.

In his reply suggestions, petitioner does not address respondent's assertion that petitioner's claims are untimely. Rather, petitioner says that he did not file a timely state action because he has a mental disorder and was unaware of the filing dates until he was informed by a court clerk that the time for filing had passed. (Doc. No. 1, pp. 2-3). In the supporting facts provided in his petition, petitioner states, without specification, that he has a "learning disability related to brain dysfunction and an extensive history of serious mental health problems." (Doc. No. 1, p. 2). Further, petitioner adds that the Social Security Administration recognized petitioner as being mentally ill, developmentally disabled and mentally retarded resulting in the issuance of disability benefits. Id. Respondent has confirmed Social Security disability and a diagnosis of bi-polar disorder, a "mood disorder." (Doc. No. 11, p. 10).

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run

from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).  28 U.S.C. § 2244(d)(2) provides that the time during which petitioner had a properly filed state collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

The United States Court of Appeals for the Eighth Circuit has held that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." Nichols v. Dormire, 11 Fed. Appx. 633, 634 (8th Cir. 2011) (various psychiatric disorders did not mentally impair petitioner to such a degree to interfere with the running of the one-year statute of limitations).  In the present case, petitioner has not met the threshold requirement necessary to show that he was prevented from pursuing a federal petition from October 25, 2012, through October 25, 2013, because petitioner has not submitted any evidence to show that "a mental condition [actually] prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll." Lyons v. Potter, 521 F. 3d 981, 983 (8th Cir. 2008), quoting Jessie v. Potter, 516 F. 3d 709, 715 (8th Cir. 2008). See also Worley v. Lytle, 221 F.3d 1354, 2000 WL 963169, **2 (10th Cir. 2000) (alleged mental incompetence did not establish an inability to meet the time deadline); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (mentally ill inmate confined in psychiatric ward under medication for seventeen days did not warrant equitable tolling), cert. denied, 531 U.S. 1164 (2001).

Petitioner's pro se status or ignorance of the law also do not constitute the "extraordinary circumstances" necessary for equitable tolling of the one-year statute of limitations.  See Shoemate v. Norris, 390 F. 3d 595, 598 (8th Cir. 2004) (pro se status did not excuse untimely habeas filing); Cross-Bey v. Gammon, 322 F. 3d at 1015-1016 (prisoner's lack of legal

knowledge and failure to recognize importance of the one-year statute of limitations did not amount to an extraordinary circumstance beyond his control).

Petitioner has been given an opportunity to submit evidence that he was prevented from filing a timely petition, but he has failed to do so. Because none of petitioner's arguments in his reply (Doc. No. 13) demonstrate that extraordinary circumstances beyond his control made it impossible for him to file a timely federal petition, his petition, insofar as it concerns Convictions 1 and 2, will be dismissed as time barred

## **PROCEDURAL DEFAULT**

Respondent contends that petitioner's sole ground for relief is procedurally defaulted because petitioner failed to properly exhaust his state court remedies with regard to all three convictions. Petitioner concedes that he defaulted his claims by not meeting the deadline for filing a post-conviction relief motion in state court. (Doc. No. 1, p. 6). However, petitioner contends that his mental defect also rendered him unaware of this deadline. Id.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that, although petitioner attempted to raise his ground for relief in a Mo. Sup. Ct. Rule 24.035 motion, he did not do so within the filing deadline required

by Missouri law. Therefore, this claim is procedurally defaulted and may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

The Eighth Circuit has recognized that mental illness can constitute cause, but that evidence of mental illness must conclusively show that the inmate was unable to appreciate his circumstances or make rational decisions during the period when he could have pursued his state court remedies. Holt v. Bowersox, 191 F.3d 970, 974 (8th Cir. 1999). Petitioner asserts that his mental incapacity and lack of knowledge regarding filing deadlines demonstrates cause for his procedural default. However, other than general references to a developmental disability and mental illness, petitioner does not allege any specific mental illness or defect that is sufficient to render him incompetent to proceed. Further, petitioner has not filed any state court pleadings asserting that his mental condition is cause excusing his failure to timely pursue relief under Rule 24.035.

To the extent that petitioner could show cause for the procedural default, his ground for relief doubtless fails on the merits. Petitioner asserts that plea counsel was ineffective for failing to investigate or request a competency examination. (Doc. No. 1, pp. 7-8). However, at both plea hearings, the plea court questioned petitioner, who made appropriate responses to all of the questions, including those that required a narrative. (Doc. No. 11, p. 13). This required understanding the gist of the questioning. Additionally, petitioner provided a significant amount of information on his background and the offenses while dealing with the probation officer for the Sentencing Advisory Report (which did make note of a history of mental illness). Id.

A claim of ineffective assistance of counsel requires a showing that both (1) counsel failed to render competent representation, and (2) that such incompetence prejudiced the inmate's case. Strickland v. Washington, 466 U.S. 668, 687 (1984). The law presumes that a defendant is competent. Branscomb v. Norris, 47 F.3d 258, 261-62 (8th Cir. 1995). On a claim of incompetency, a defendant is competent to enter a plea of guilty or to stand trial if he is able to consult with counsel "with a reasonable degree of rational understanding" and has a rational understanding of the proceedings against him. Godinez v. Moran, 509 U.S. 389, 396, 398-402 (1993).

Here, petitioner has not provided the court with authority supporting a claim that the plea court or plea counsel must closely probe into competency in every case where there is some variety of mental issues. Further, petitioner does not plead facts supporting a presumption that the plea court or counsel in his three criminal cases should have suspected that he was not competent to proceed. Based on the record, petitioner appears to have given the plea court and the probation officer the impression that he had the ability to consult with counsel and others with a reasonable degree of rational understanding and to have had a rational understanding of the proceedings.

Petitioner's assertion that he qualifies as "disabled" for the purpose of Social Security benefits is insufficient to show that he was incompetent to proceed at his plea hearings. The legal standard for competency for the purposes of criminal charges and the legal standard to qualify as a "disabled person" for the purposes of Social Security benefits are substantially different. See 42 U.S.C. § 423(d)(2)(A) (to qualify for Social Security, a claimant must demonstrate that his mental impairments prevent him, in light of his age, education, and work experience, from obtaining gainful employment). A finding of a legal disability is not enough to

create a presumption of incompetence. Cf. United States v. Moore, 425 F.3d 1061, 1066-67, 1074-75 (7th Cir. 2005) (defendant was found to be competent for purposes of criminal proceedings, notwithstanding his qualifying disability).

Because petitioner has failed to provide a sufficient medical basis for his assertion that he was incompetent during the plea proceedings, petitioner cannot demonstrate cause for his procedural default and consequently, all claims will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.


/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 23, 2015.